UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY J. DEL FUOCO,

    Plaintiff,

v.                                                  CASE NO: 8:09-cv-578-T-26EAJ

U.S. DEPARTMENT of the ARMY; PETE GEREN
as Secretary of the U.S. Army; DANIEL V. WRIGHT
as Major General of the U.S. Army; and SARAH S. GREEN
Colonel, U.S. Army,

    Defendants.
_____/

# **O R D E R**

Defendants have filed a motion to dismiss Plaintiff's *pro se* amended complaint, thereby prompting this Court to examine its allegations.[1]  In the Court's view, Plaintiff's amended complaint is the quintessential shotgun pleading that has been condemned on numerous occasions by the Eleventh Circuit Court of Appeals.  See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases).[2]  As

---

[1] Because Plaintiff is an attorney, the Court is not obligated to examine his pleading with the same deference as one prepared by a *pro se* litigant who is not an attorney.

[2] The Davis Court, speaking through Judge Tjoflat, also engaged in a thorough and extensive discussion of the havoc that such pleadings wreak on the judicial system, litigants, and the public at large.  516 F.3d at 979-84.

in Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corporation, 305 F.3d 1293, 1295 (11th Cir. 2002), Plaintiff's amended complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Under these circumstances, the Court has the inherent authority, even if not requested by opposing counsel, to demand a repleader *sua sponte*. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (suggesting that when faced with a shotgun pleading a district court, acting on its own initiative, should require a repleader); Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (noting that district courts confronted by shotgun complaints have the inherent authority to demand repleader *sua sponte*).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff shall replead his amended complaint within fifteen (15) days of this order. In doing so, Plaintiff should be mindful of the substantive arguments advanced by Defendants in support of dismissal.

2) Defendants shall file their response within fifteen (15) days of service.

3) The Motion to Dismiss or Alternative Motion for Summary Judgment (Dkt. 12) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on September 8, 2009.

s/*Richard A. Lazzara*

**RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record